JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Robert Grundstein, pro se, appeals the trial court's overruling his "Motion to Reconsider and Preserve Issue for Appeal." The relevant facts follow.
 {¶ 2} Defendant is a resident of Vermont who was visiting his elderly mother in Lakewood, Ohio. When he illegally parked his car, the Lakewood police towed it. As part of the towing procedure, they inventoried the contents of the car and found a loaded gun in the glove compartment. They cited defendant for violating Lakewood Municipal Ordinance 549.04, which is a fourth degree misdemeanor.
 {¶ 3} After waiving his right to counsel, defendant pled no contest to the charge. The court sentenced him to a $1000 fine and 180 days in jail, with $750 and the jail sentence suspended. The court also ordered him not to have firearms and put him on two years probation. It ordered the police to dispose of the gun they had confiscated. Despite the "no firearms" provision of his probation, defendant applied in Vermont for a gun permit, which was denied.
 {¶ 4} Almost immediately, defendant began sending copious correspondence and motions to the court to request the court to remove his probation. When that request was denied, he wrote a scathing letter to his probation officer. The letter advised her to "learn some law," stated she had an "underinformed and destructive instinct" against him, and concluded that he had "no choice but to shove the reasons for his contempt of [her] in [her] face." He then told her that she could fix her "subnormal" opinions by "wash[ing] them off with a bit of study." He added: "Try it. It's ennobling. In the meantime, try to enhance the administration of legal purpose. If you can't, be quiet."
 {¶ 5} A notice of probation violation was sent to defendant. The notice alleged that he had altered a court document and warned him that if he failed to appear at the probation violation hearing, he could be arrested. Defendant failed to appear at the hearing and a warrant was issued for his arrest.
 {¶ 6} He filed five motions to modify the court's order, six motions to recall or dismiss the warrant, one motion for reconsideration, and two motions to compel judgment, but later filed a notice of withdrawal of these motions. He subsequently filed two more motions to recall the warrant and finally, on May 3, 2004, filed a motion to reconsider the denial of his last motion to recall the warrant and to preserve the issue for appeal. Defendant's notice of appeal states that he is appealing the court's ruling on his "Motion to Reconsider and Preserve Issue for Appeal." Because the "Motion to Recall Warrant and for a Journal Entry" was the subject of the motion to reconsider, we limit our discussion to those issues.
 {¶ 7} Defendant presents three assignments of error, the first of which states:
The original criminal complaint and citation failed to charge an offense and violates ohio and federal rules of criminal procedure number [sic] 3 and 7. at no time nor on any documents was a subsection to lakewood municipal code section 549.04 listed.
 {¶ 8} Defendant correctly notes that neither the original criminal complaint nor the subsequent journal entries state any subsection of the ordinance he was convicted of violating. It is therefore unclear, he claims, whether he was convicted of a felony or a misdemeanor.[1]
 {¶ 9} The failure to state the level of the offense in the criminal complaint and judgment entry, however, is not prejudicial to defendant. R.C. 2945.75, state, in relevant part,
When the presence of one or more additional elements makes an offense one of more serious degree.
The affidavit, the complaint, the indictment or information shall either state the degree of the offense, which the accused is alleged to have committed or shall allege such additional element or elements. Otherwise such affidavit, complaint or indictment or information is effective only to charge the least degree of the offense. * * *.
 {¶ 10} The Fourth Appellate District has interpreted this statute as follows: "* * * where the indictment neither states the degree of the offense nor states the aggravating elements, the indictment charges only the least degree of the offense * * *." State v. McMillin (June 26, 1987), Gallia App. No. 85 CA 15, 1987 Ohio App. LEXIS 7698, at *4. Consistent with McMillin, case law has applied this statute to limit the level of the offense of which defendant can be convicted to the lowest available in the statute if the complaint or indictment fails to specify otherwise. Because the statute limits the effect to the "least degree of the offense," failure to specify the level of the charge, therefore, could not have worked against defendant in the case at bar. See alsoState v. Boykin, Montgomery App. No. 19896, 2004-Ohio-1701 ¶¶ 2-3, which also applied the statute to convict a defendant of only the lowest degree of the offense contained in the statute when no subsection of the statute was listed in the indictment. We conclude, therefore, that defendant's conviction was a fourth degree misdemeanor offense.
 {¶ 11} The case also presents a procedural problem: the argument regarding the failure to cite the subsection of the statute was not timely raised. It was not until over two years after the journal entry on March 19, 2002, that defendant appealed the court's failure to clarify whether defendant was convicted of a felony or misdemeanor. The court rendered a final appealable order on March 25, 2002, when it found defendant guilty of violating the city ordinance. App.R.4(A) limits the time for an appeal to thirty days.[2] Defendant has, therefore, waived his right to appeal the issue in this appeal. Accordingly, this assignment of error is without merit.
 {¶ 12} For his second assignment of error, defendant states:
Appellant was not properly served with notice of the june 30th, 2003 hearing to modify probation.
 {¶ 13} Defendant claims that because notice of his probation violation hearing did not arrive by certified mail, he was not properly notified and the hearing should not have gone forward.
 {¶ 14} The purpose of notice requirements is to ensure that the opposing party is apprised of the motion and has the opportunity to present its case. * * * [U]nless the party who was not properly notified was prejudiced, the courts consider a violation of a rule of court to be harmless error. See State v. Miller (March 28, 1997), Portage App. Nos. 95-P-0029, 95-P-0030 and 95-P-0031, 1997 Ohio App. LEXIS 1221 (holding that lack of written notice of a probation violation was harmless error when defendant had notice of preliminary and final hearing and thereby had sufficient notice to prevent prejudice).
 {¶ 15} State v. Ross, Cuyahoga App. No. 82785, 2004-Ohio-856 ¶ 11. Defendant does not claim, however, he did not know about the hearing. In fact, he filed motions to continue the date of the hearing, which motions the court denied. Clearly, he received the notice, even if it did not arrive in the manner he states is legally required. Because defendant had actual notice of the hearing, and because he has failed to demonstrate any prejudice resulting from the method by which he was notified, this assignment of error lacks merit.
 {¶ 16} For his third assignment of error, defendant states:
There was no description of an offense sufficient to charge appellant with a probation violation.
 {¶ 17} Defendant claims that the notice he received of his alleged probation violation was insufficient to apprise him of how he was supposed to have violated it. He claims, therefore, that he was unable to prepare a defense to it.
 {¶ 18} Defendant was not prejudiced, however, because "there is no due process right to written notice of the alleged probation violations prior to a preliminary/probable cause hearing. Rather, the notice requirements apply only to the subsequent revocation hearing." State v. Loesser (July 24, 1997), Cuyahoga App. No. 71480, 1997 Ohio App. LEXIS 3208, at *11. See also State v. Mingua (1974), 42 Ohio App.2d 35, 38; State v.Sallaz, Trumbull App. No. 2003-T-0009, 2004-Ohio-3508 ¶ 42.
 {¶ 19} The trial court did not err, therefore, in the content of its notice of the probation violation hearing.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Celebrezze, Jr., J., Concur.
[1] Defendant briefly alludes to this omission in the Motion to Reconsider which is the subject of this appeal, when he stated: "[T]he argument against jurisdiction is further supported by the absence of a proper charge, without a necessary subsection, submitted against [defendant] in the original hearing * * *." Appellant's Motion to Reconsider and Preserve Issue for Appeal at 1. He makes no further argument concerning this issue in the motion before the trial court.
[2] App.R. 5(A) allows a criminal defendant to file a delayed appeal, but only with permission of the appellate court. Defendant did not move for permission to file a delayed appeal on this issue. This issue is not, therefore, properly before this court.