OPINION *Page 2 
{¶ 1} Defendant-appellant Dana Wallace appeals the decision of the Youngstown Municipal Court which found that he violated his probation. Appointed counsel filed a no merit brief listing no arguable issues, and appellant failed to file his own assignments of error. After conducting our independent file review, we have concluded that counsel is permitted to withdraw, and the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} This appeal involves four separate case numbers originating out of the Youngstown Municipal Court. On April 11, 2003, appellant was cited for driving under suspension, resulting in case number 03TRD2218. On July 22, 2003, appellant was cited for driving under suspension and loud music, resulting in case number 03TRD4524. On August 12, 2003, he separately pled guilty in both cases and entered the SLIP program where the state would dismiss his driving under suspension charges if he obtained a valid license under certain conditions. When he violated the terms of the SLIP agreement, the cases were separately set for sentencing.
 {¶ 3} In the meantime, on March 13, 2004, appellant was cited for driving under suspension and failure to wear a seatbelt, resulting in case number 04TRD1135. An accompanying criminal complaint was filed in the Youngstown Municipal Court for drug abuse of marijuana, resulting in case number 04CRB664. On March 30, 2004, appellant pled no contest to an amended charge of fourth degree misdemeanor disorderly conduct in 04CRB664 with the state dismissing the drug abuse charge. He also pled no contest to driving under suspension in 04TRD1135 with the state dismissing the seatbelt violation. A joint sentencing entry was filed in these cases imposing two years of basic probation supervision and ordering appellant to obtain a valid license by December 31, 2004. The court also sentenced appellant to sixty days in jail on the driving under suspension charge.
 {¶ 4} Also on March 30, 2004, the court sentenced appellant in the two other cases with SLIP program failures. In case number 03TRD4524, the court sentenced appellant to one hundred eighty days in jail with one hundred thirty-five days *Page 3 
suspended and two years of reporting probation on the driving under suspension charge. In case number 03TRD2218, the court sentenced appellant to one hundred eighty days in jail with one hundred fifty days suspended and two years of reporting probation.
 {¶ 5} Thus, appellant was placed on two years of probation in all four cases. On June 8, 2005, appellant was served with notice of a probation violation as to all cases. The notice alleged that he never reported for probation as instructed, he failed to obtain a license as required, and he was arrested for domestic violence and resisting arrest. In the presence of counsel, appellant stipulated to probable cause for the probation violations.
 {¶ 6} The final probation violation hearing was held on August 30, 2005. First, the state presented testimony of the probation department's intake officer. She verified that immediately after sentencing on March 30, 2004, she reviewed the conditions of probation with appellant, and he signed and dated the form. (Tr. 4-10). She noted that he had an appointment with a probation officer on August 24, 2004, after he was released from the jail portion of his sentences. (Tr. 10). She also explained that he was to obey all laws and obtain a valid license by December 31, 2004. (Tr. 11).
 {¶ 7} The assigned probation officer then testified that she was scheduled to meet with appellant on August 24, 2004, but he never showed up for his appointment. (Tr. 21, 23). She violated him because of this failure to report and because he had been charged with domestic violence and resisting arrest. (Tr. 23).
 {¶ 8} Finally, the state presented the testimony of an employee of the Bureau of Motor Vehicles who was in charge of license reinstatements. She disclosed that appellant did not obtain a valid license between his March 30, 2004 sentencing date and the December 31, 2004 court-imposed deadline. (Tr. 34-35). She also noted that he still does not have a valid license. (Tr. 35). She explained that he was eligible to obtain a license after November 14, 2004 by paying a reinstatement fee, taking an eight-hour remedial course, paying old fines or obtaining a court release for unpaid fines and filing an insurance bond. (Tr. 37-38). *Page 4 
 {¶ 9} Appellant then testified on his own behalf. He claimed that when he met with the probation intake officer right after sentencing, he was merely informed to report back when released from jail. (Tr. 42). He said he was released on August 18, 2004 and that he reported to the probation department seven days later (which would have been August 25, 2004 or one day after his scheduled appointment). (Tr. 42, 50). He claimed he met with the probation officer who testified; he also claimed that she merely told him to keep checking in regarding his progress on obtaining his driver's license. (Tr. 42). Appellant also testified that he tried to obtain his license in September 2004 but was still under suspension. (Tr. 43).
 {¶ 10} The court concluded that appellant violated his probation by failing to report, failing to obtain a license and getting charged with other crimes. (Tr. 53-54). In an August 30, 2005 entry, the court revoked appellant's probation and imposed the following sentences: one hundred fifty days in 03TRD2218, plus one hundred thirty-five days in 03TRD4524, plus one hundred twenty days in 04TRD1135, plus thirty days in 04CRB664, for a total of four hundred thirty-five days.
 {¶ 11} Appellant filed timely notice of appeal on September 29, 2005. Appellant's attorney sought leave to withdraw and asked the court to appoint appellate counsel. This court appointed a new attorney in February 2006 and ordered a transcript of the probation violation hearing, which was submitted on May 30, 2006. On July 26, 2006, we warned that absent unusual circumstances, the appeal would be dismissed if no brief was filed by August 15, 2006.
 {¶ 12} On August 15, 2006, appellant's appointed counsel filed a motion to withdraw stating that there were no meritorious arguments for appeal. She informed appellant of her belief and transmitted a copy of her motion to him. On August 25, 2006, this court gave appellant thirty days to file his own pro se assignments of error and brief. He failed to do so.
 PROCEDURE ON NO MERIT BRIEF {¶ 13} When appellate counsel seeks to withdraw and alleges that there are no meritorious arguments for appeal, the filing is known as a no merit or an Anders brief. See Anders v. California (1967), 386 U.S. 738. In this district, it has also been called a *Page 5 Toney brief. See State v. Toney (1970), 23 Ohio App.2d 203. We explained the following points and procedures in Toney:
 {¶ 14} An indigent defendant's constitutional right to counsel on his direct appeal requires that court-appointed counsel make arguments in support of the appeal to the best of his ability. If, after a conscientious examination of the case, counsel concludes there are no good grounds for appeal, counsel should so advise the court and request permission to withdraw, accompanying his request with a brief if counsel finds anything in the record that might arguably support the appeal. A copy of counsel's request and brief is to be furnished to the defendant, who is given time to raise any points that he chooses. The appellate court must then examine the record and any arguments presented by counsel or the defendant and determine whether the appeal is wholly frivolous. If the court finds the appeal frivolous, it may grant counsel's request to withdraw and affirm the trial court's judgment. If the court finds any legal points arguable on the merits, the court shall afford the indigent defendant assistance of counsel to argue the appeal. Id. at syllabus, 206-207, citing Anders at 774.
 REVOCATION LAW ANALYSIS {¶ 15} Initially, we note that we are not reviewing the original offenses or issues regarding them. Rather, we are reviewing the trial court's decision regarding the probation violations. We review a trial court's decision to revoke probation for an abuse of discretion.State v. Dinger, 7th Dist. No. 04CA814, 2005-Ohio-6942, ¶ 13. See, also,State v. Coffman (2001), 91 Ohio St.3d 125, 128; State v. Thiesen
(1957), 167 Ohio St. 119, 124-125. Thus, we review whether the court's revocation decision was unreasonable, arbitrary or unconscionable.Dinger at ¶ 13, generally citing State ex rel. Cranford v.Cleveland, 103 Ohio St.3d 196, 2004-Ohio-4884.
 {¶ 16} In evaluating whether there was a probation violation, the trial court need not find the probation violation established beyond a reasonable doubt but must merely find substantial evidence that a term or condition of probation was breached. Dinger at ¶ 13, citing State v.Walker (July 26, 1995), 7th Dist. No. 93J48. See, also, State ex rel.Coulverson v. Ohio Adult Parole Auth. (1991), 62 Ohio St.3d 12, 15
(regarding parole violations). As always, the weight to be given to the evidence and *Page 6 
the credibility of the witnesses are primarily the province of the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 17} In reviewing the record, we first note that appellant received sufficient notice of the probation violations and of the hearing. He appeared with counsel and stipulated to probable cause. He later appeared with counsel for the final revocation hearing. His counsel tenaciously cross-examined the state's witness and made various objections regarding questions and evidence. Counsel successfully had appellant's new convictions excluded from the hearing due to the state's failure to amend the violation notice. Thus, only the existence of his arrest was admitted.
 {¶ 18} Yet, such arrest for two offenses was sufficient for a probation violation in itself. Still, there were other violations. As aforementioned, appellant testified in order to dispute that he failed to report. However, the trial court could reasonably believe the intake officer's testimony that she specifically advised appellant that he had an appointment for August 24, 2004. The fact that she relied on the notice of probation terms which she initialed and appellant signed rather than her memory of an appointment from a year ago does not invalidate her testimony. Additionally, the trial court could find credible the assigned probation officer's testimony that appellant failed to appear for his scheduled appointment and that she did not meet him until serving him with notice of his violations.
 {¶ 19} Appellant also claimed that he did his best to obtain a license by December 31, 2004 as ordered. However, the trial court could rationally find that he did not in fact do so. He said he went to the Bureau of Motor Vehicles [BMV] in September 2004 and discovered that he was ineligible for reinstatement at that time due to a suspension. However, he did not ask when he would be eligible, which was shown to be November 14, 2004, and he failed to inquire further.
 {¶ 20} Next, we shall review an objection set forth at the revocation hearing by counsel, which counsel also listed in our docketing statement as a possible assignment of error before new appellate counsel was appointed. That is, counsel argued that the state's witness from the BMV should not be permitted to testify as to appellant's suspensions and license status because he was not the actual keeper of records. (Tr. 32, 36). This witness testified that he is a customer service assistant in *Page 7 
charge of license reinstatements. He stated that the Bureau keeps records in the normal course of business and that he printed out appellant's certified driving record that morning. Defense counsel argued that since the employee does not place records into the system or do anything to actually keep the records, he is not the record keeper. (Tr. 36).
 {¶ 21} Counsel was apparently concerned with the applicability of the hearsay exception for business records or the identification of such records. Pursuant to Evid.R. 803(6), records of regularly conducted business activity are admissible as shown by testimony of a custodian or other qualified person. See, also, Evid.R. 901(B) (regarding authentication or identification of evidence). A requirement that testimony must come from the custodian or qualified person does not require the witness providing the foundation to have first-hand knowledge of the transaction. State v. Scurti, 153 Ohio App.3d 183,2003-Ohio-3286, ¶ 19 (7th Dist.). It must only be demonstrated that the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance, and retrieval that he can reasonably testify on the basis of this knowledge that the record is what it purports to be and that it was made in the ordinary course of business consistent with the elements of Evid.R. 803(6). Id. See, also, Evid.R. 803(8) (records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency or matters observed pursuant to duty imposed by law as to which matters there was a duty to report); State v. Davis, 6th Dist. No. S-04-026, 2005-Ohio-4872, ¶ 3
(applying this exception to BMV reports).
 {¶ 22} Regardless, a revocation hearing is not a formal trial and the parties are not bound by the Rules of Evidence. Thiesen,167 Ohio St. at 124. Evid.R. 101(C)(3) specifically states that the evidentiary rules do not apply to probation revocation or community control proceedings. This is likely why appointed appellate counsel failed to raise this as a potential issue.
 {¶ 23} Finally, we turn to the sentences imposed for the violation of probation in the four separate cases. The court is not permitted to impose a sentence for a probation revocation that, when combined with any previously served jail time, exceeds the maximum for the degree of the offense. R.C. 2929.25(C)(2). Thus, for *Page 8 
instance, in the two cases with partially suspended sentences, the court imposed only the remaining terms of the sentences. In all four cases, the court's sentences stayed within this limit.
 {¶ 24} When a misdemeanor sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22 absent a showing otherwise. State v. Crable, 7th Dist. No. 04BE17, 2004-Ohio-6812. Here, the court was faced with probation violations in three driving under suspension cases and one disorderly conduct case (which was originally a drug abuse case). Appellant previously had chances to enter the SLIP program in two cases, but he failed at that. He failed to report for probation as ordered, and he failed to obtain a license as ordered. He was charged with two new crimes while on probation; these offenses were domestic violence and resisting arrest. Considering appellant's constant recidivism, we cannot say that the sentences are an abuse of discretion.
 {¶ 25} After reviewing the record in this case, we cannot find an arguable issue in need of a merit brief upon appellate counsel's withdrawal. As such, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.
 Donofrio, J., concurs. Waite, J., concurs. *Page 1