[Cite as *State v. Johnson*, 2010-Ohio-2533.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-94 |
| | ) | |
| MELVIN JOHNSON, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown
                             Municipal Court of Mahoning County,
                             Ohio
                             Case No. 03TRD6612

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee       Attorney Joseph Macejko
                             City Prosecutor
                             26 S. Phelps St., 4th Floor
                             Youngstown, Ohio 44503

For Defendant-Appellant      Attorney Douglas A. King
                             Hartford, Dickey & King Co., LPA
                             91 West Taggart St., P.O. Box 85
                             East Palestine, Ohio 44413

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: June 3, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Melvin Johnson, appeals from a Youngstown Municipal Court judgment finding that he violated the terms of his community control and extending his community control for two years.

{¶2} Appellant was convicted of one count of driving under suspension, a first-degree misdemeanor, following a no contest plea on September 20, 2004. The trial court sentenced him to two years of community control and ordered him to pay a $100 fine, plus costs.

{¶3} On April 26, 2006, appellant's probation officer filed a notification of probation violation asserting that appellant had violated the terms of his probation by failing to report and failing to pay fines and costs.

{¶4} The court held a probation violation hearing on May 21, 2009, after several continuances and problems securing appellant's attendance in court. At the hearing, appellant's probation officer testified. She stated that as of the date of the hearing, appellant's fines and costs were paid in full. She also testified that appellant failed to report for his October 20, 2004, scheduled probation meeting.

{¶5} The trial court found appellant guilty of violating his probation because he failed to report as ordered and failed to timely pay fines, costs, or fees or do community service. Consequently, the court extended appellant's community control for two years.

{¶6} Appellant filed a timely notice of appeal on May 27, 2009.

{¶7} Plaintiff-appellee, the State of Ohio, chose not to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).

{¶8} Appellant raises two assignments of error, the first of which states:

{¶9} "THERE WAS NO ADEQUATE BASIS ON THE RECORD BEFORE THE YOUNGSTOWN MUNICIPAL COURT FOR THE FINDING THAT DEFENDANT/APPELLANT HAD VIOLATED THE TERMS AND CONDITIONS OF HIS COMMUNITY CONTROL SANCTION AND THEREFORE THE SAME SHOULD

NOT HAVE BEEN REVOKED."

**{¶10}** The decision whether to revoke probation is within the trial court's discretion. *State v. Ritenour,* 5th Dist. No. 2006AP010002, 2006-Ohio-4744, at ¶37. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. *State v. Dinger,* 7th Dist. No. 04CA814, 2005-Ohio-6942, at ¶13. Abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Maurer* (1984), 15 Ohio St.3d 239, 253.

**{¶11}** In determining whether there was a probation violation, the trial court need not find the probation violation established beyond a reasonable doubt. *State v. Wallace,* 7th Dist. No. 05-MA-172, 2007-Ohio-3184, at ¶16. Instead, the court must only find substantial evidence the defendant breached a term or condition of probation. Id.

**{¶12}** Appellant first argues that at the probation violation hearing it was brought out that the only date he was instructed to report to his probation officer was October 20, 2004, and he was incarcerated on an unrelated charge that day. Because the circumstances under which appellant failed to report were beyond his control, he argues that his failure to report cannot be the basis for finding that he violated his probation.

**{¶13}** Appellant relies on *State v. Bleasdale* (1990), 69 Ohio App.3d 68, for the proposition that where a probation violation is the result of circumstances beyond the probationer's control, the violation should not result in revocation. Appellant contends that in his case, because he was in jail on the day he was scheduled to report, he obviously could not report to his probation officer. Appellant contends that like the probationer in *Bleasdale*, the circumstances that prevented him from meeting the condition of his probation were beyond his control.

**{¶14}** In *Bleasdale*, the appellant was ordered to complete a specific drug treatment program as a condition of his probation. He enrolled in and cooperated with the program but was terminated from it because the program could not provide

for his mental health issues. The trial court subsequently found that the appellant failed to comply with the terms of his probation. The Eleventh District disagreed. It reasoned that there was no willful or intentional violation of the conditions of appellant's probation. Id. at 72. It further reasoned that the appellant was cooperating with the program and that the termination of the appellant was due to the program's inability to properly handle his case. Id.

{¶15} Appellant's case, however, is distinguishable from *Bleasdale*. In this case, appellant's failure to report was a result of his own actions. It appears that appellant was in jail on the day he was scheduled to report. Karen Thigpen, appellant's probation officer, testified that appellant had an appointment to report on October 20, 2004, for which he never appeared. (Tr. 6-7). Appellant's counsel and the court then had a discussion where they seemed to agree that appellant was in jail on that day. (Tr. 7). But as the trial court pointed out, appellant never called his probation officer to reschedule his appointment and never reported once he was released from jail. (Tr. 7). The court observed that appellant could just not miss his appointment and then expect it to go away. (Tr. 7). Thus, unlike the appellant in *Bleasdale* who was dismissed from his court-ordered treatment for reasons beyond his control, it was within appellant's control here to make the necessary arrangements to report to his probation officer at some time.

{¶16} The fact that appellant failed to report to his probation officer, as was required by his community control conditions, sufficiently justifies the court's finding that appellant violated his probation.

{¶17} Additionally, the court also found that appellant violated his probation by failing to timely pay fines and costs.

{¶18} Appellant argues that the finding that he failed to timely pay his fines and costs is unsupported by the record. He points out that the representative from the probation department testified that his fine and costs were paid but that she was unsure when they were actually paid.

{¶19} Appellant's original judgment entry and sentence indicate that his $100

fine and costs were to be paid by October 20, 2004. (September 20, 2004 Judgment Entry). The notification of probation violation indicating that appellant had failed to timely pay his fine and costs was filed on April 26, 2006. Thus, it seems appellant had yet to pay his fines and costs by April 26, 2006. At the beginning of the probation violation hearing, however, the court mentioned that appellant was given until November 23, 2007, to pay his outstanding fine, cost, and capias fees. (Tr. 3). This is the only place the information appears in the record.

**{¶20}** Testimony on the issue came from Thigpen. She testified that appellant's last capias fee was paid that day, May 21, 2009. (Tr. 5). She also stated that appellant had paid two other capias fees that arose after the probation violation was filed, however, she did not know the dates on which they were paid. (Tr. 5). And Thigpen testified that appellant's other fines and court costs were paid, but she did not know when they were paid. (Tr. 5).

**{¶21}** The record indicates several payments by appellant. There is a receipt and an entry on the docket reflecting that appellant paid his fines and costs on August 25, 2007, one year and four months after his probation officer filed the notice of probation violation. There is a receipt indicating that appellant's bond was applied toward his outstanding capias fees on August 8, 2008. And there is another receipt and docket entry that appellant paid the balance of his capias fees on May 21, 2009.

**{¶22}** So if appellant was required to pay his fine and court costs by the original October 20, 2004 deadline, he was clearly delinquent. But if he had until November 23, 2007, it appears that he paid his fine and costs by then. However, under either scenario he was late in paying his capias fees.

**{¶23}** Regardless of whether we deem appellant's payments to have been timely made, as noted above, the trial court had ample evidence on which to conclude that appellant violated the terms of his probation by failing to report as required. Consequently, the trial court did not abuse its discretion in finding that appellant breached the terms of his probation.

**{¶24}** Accordingly, appellant's first assignment of error is without merit.

**{¶25}** Appellant's second assignment of error states:

**{¶26}** "THE MAY 21, 2009, EXTENSION OF THE DEFENDANT/APPELLANT'S COMMUNITY CONTROL SANCTION FOR AN ADDITIONAL TWO (2) YEARS IS CONTRARY TO LAW."

**{¶27}** Here appellant points out that his original community control sanction was imposed on September 20, 2004. He argues that because a community control sanction for a misdemeanor cannot exceed five years, the court lost jurisdiction to extend his probation on September 20, 2009. Thus, appellant argues that the court could not extend his probation for two years effective May 21, 2009, because the extension would exceed the five-year limit.

**{¶28}** R.C. 2929.25 deals with misdemeanor community control sanctions. Pursuant to R.C. 2929.25(A)(2), "[t]he duration of all community control sanctions imposed upon an offender and in effect for an offender at any time shall not exceed five years."

**{¶29}** R.C. 2929.25(C)(2) further provides, "[i]f an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator a longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section * * *."

**{¶30}** Pursuant to R.C. 2929.25(B)(1), the sentencing court retains jurisdiction over any offender who it sentences for the duration of sanctions imposed. Further, a court has jurisdiction to impose a sentence once the original period of community control expires as long as action is taken to institute a violation hearing during the community control period. *State v. Shorter*, 2d Dist. No. 22188, 2008-Ohio-1986, at ¶10.

**{¶31}** In this case, appellant's two-year community control period began on September 20, 2004. Thus, it expired on September 20, 2006. Appellant's probation officer filed the notice of probation violation on April 26, 2006, before appellant's community control period expired. Because appellant's probation officer began the

probation violation proceedings before appellant's community control period expired, the trial court retained jurisdiction over appellant. See *State v. Yates* (1991), 58 Ohio St.3d 78, 80 ("[B]ecause the state failed to initiate probation violation proceedings during the original probation period, we conclude that the trial court lost its jurisdiction to impose the suspended sentences once the term of probation expired."); *State v. Adkins*, 2d Dist. No. 21810, 2007-Ohio-4886, at ¶7 ("[W]here the original period of community control expires before a motion seeking termination of community control is filed, the court does not have jurisdiction over the matter to impose a sentence."); *State v. Fairbank*, 6th Dist. Nos. WD-06-015, WD-06-016, 2006-Ohio-6180, at ¶11 (where state fails to initiate community control violation proceedings during the original community control period, the trial court loses jurisdiction to extend the sanction).

**{¶32}** "When an offender violates the terms of her community control, the trial court may 'impose a longer time under the same community control sanction [not to exceed five years]'; 'impose a more restrictive community control'; or 'impose a definite jail term.'" *State v. Whitaker*, 2d Dist. Nos. 21003, 21034, 2006-Ohio-998, at ¶12, quoting R.C. 2929.25(C)(2). In this case, the trial court chose to impose a longer time under the same community control sanction. Appellant's original community control ran from September 20, 2004 until September 20, 2006, a two-year period. His two-year extension of community control did not start to run until May 21, 2009. Thus, he was not subject to more than five years of community control as he alleges. "The duration of all community-control sanctions imposed upon an offender and in effect for an offender at any time shall not exceed *five years*." (Emphasis sic.) *State v. Geiger*, 3d Dist. No. 1-06-45, 2006-Ohio-5642, at ¶13. Appellant's total duration of community control sanctions was four years.

**{¶33}** Furthermore, in this case, the trial court would have conducted appellant's probation violation hearing much sooner but for the fact that appellant failed to appear for court on at least two occasions causing the court to issue capias bonds for his arrest.

**{¶34}** Accordingly, appellant's second assignment of error is without merit.

**{¶35}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, P.J., concurs.

Waite, J., concurs.