[Cite as *State v. Harian*, 2012-Ohio-2492.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97269**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CLARENCE HARIAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-510116, CR-524553, CR-532573, and CR-535298

**BEFORE:** Celebrezze, P.J., Cooney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Maxwell M. Martin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Clarence Harian, appeals from the termination of community control in four criminal cases and the imposition of a 66-month prison sentence. After a thorough review of the record and law, we affirm.

I. Factual and Procedural History

{¶2} Appellant was indicted on April 30, 2008, in Case No. CR-510116 on one count of receiving stolen property. After referral for a competency evaluation and a finding that he was competent to stand trial, appellant pled guilty and received community control for a period of 36 months. Conditions of community control included taking prescribed medication, completion of 300 hours of community service, and inpatient drug treatment. The trial court also informed appellant that a violation of community control could result in an 18-month prison term.

{¶3} On May 29, 2009, appellant was indicted for having a weapon while under disability, carrying a concealed weapon, and possession of criminal tools in Case No. CR-524553. He was again found competent to stand trial after psychological examination. Appellant pled guilty to an amended indictment of attempted having a weapon while under disability and carrying a concealed weapon. He was sentenced to 36 months of community control with 160 hours of community service, inpatient drug treatment, and was informed that if he violated community control, he would receive a prison sentence of 36 months.

{¶4} A community control revocation hearing was held on September 24, 2009, where the trial court found appellant to be in violation, but continued community control and ordered him to complete 100 additional hours of community service.

{¶5} On January 12, 2010, appellant was indicted in Case No. CR-532573 for trafficking in counterfeit controlled substances and drug possession. He pled guilty to one count of drug possession and was sentenced to 36 months of community control, 80 hours of community service, out-patient drug treatment, and instructed to take all prescribed medications. Appellant was also informed that violations of community control would result in a 12-month prison sentence.

{¶6} At a second community control revocation hearing held on February 22, 2010, appellant was ordered to complete 50 additional community service hours and was informed that subsequent violations would be punished by serving consecutive prison sentences in the three cases — a total of 54 months.

{¶7} Another community control revocation hearing was held on March 3, 2010, where appellant was ordered to complete an additional 200 hours of community service and an inpatient drug treatment program. He was warned that if he violated community control again, he would go to prison for 66 months.

{¶8} On March 18, 2010, appellant was indicted in Case No. CR-535298 for aggravated robbery and kidnapping with one- and three-year firearm specifications and repeat violent offender specifications, two counts of theft, one count of defacing a firearm, and two counts of having a weapon while under disability. After trial commenced, appellant changed his plea to guilty of one count each of aggravated theft

and attempted having weapons while under disability; the remaining charges were dismissed.

{¶9} The trial court gave appellant one more chance for drug treatment by sentencing him to 36 months of community control with inpatient drug treatment and participation in a program called "Thinking for a Change." He was also ordered to complete 300 hours of community service and informed that a violation of community control would result in a 36-month prison sentence.

{¶10} On April 14, 2011, after a community control revocation hearing, the trial court terminated community control and sentenced appellant to 66 months in prison. At the hearing, probation officer Celeste Polito testified that appellant had been denied admittance into a court-mandated treatment program because he was having hallucinations as a result of his refusal to take medication.

{¶11} The trial court found that appellant had violated the terms of community control and imposed an aggregate prison term of 66 months. The trial court's journal entries in these four cases were unclear, so this court remanded the case for a more precise journal entry. The trial court issued corrected sentencing entries imposing the same 66-month sentence, indicating in CR-532573,

> Defendant is to be found in violation of community control sanctions and sentenced to LCI for 12 months on one FEL-5; case to run consecutive with CR [sic] and CR 510116 [18-month sentence], CR 535298 [36 month sentence], CR 524553 [36 month sentence,] for a total of 66 months.

{¶12} In CR-535298, the court sentenced appellant to "the Lorain Correctional Institution for a term of 36 month(s). 18 months on each count, consecutive. Cases CR

524553 and CR 535298 concurrent to each other, but consecutive to both CR 510116 and

CR 524553 for a total of 66 months."

{¶13}   Appellant argues six errors on appeal:

[I.]   The trial court denied appellant due process by sentencing [him] without first holding a preliminary hearing or recording its findings in written opinion.

[II.]   The trial court abused its discretion when it violated and sentenced appellant for an alleged failure to take medication.

[III.]   The trial court erred when [it] allowed appellant to be taken from the jurisdiction of the court while a motion for reconsideration was pending with the trial court.

[IV.]   The trial court acted contrary to law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code.

[V.]   The trial court erred when it failed to make statutorily necessitated findings before imposing consecutive sentences.

[VI.]   The trial court erred when stating its sentence as 66 months, when in fact the actual, aggregate sentence totaled 54 months.

## II. Law and Analysis

### A. Community Control Revocation and Due Process Rights

{¶14} Appellant's first two assignments of error take issue with the manner in which the community control revocation hearing was conducted and its result.   A person subject to community control may be punished for a violation of conditions of control, but only if certain due process rights are observed.   Crim.R. 32.3(A) provides:

The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.   The defendant may be admitted to bail pending hearing.

**{¶15}** The Supreme Court applied the basic due process rights to probation violation hearings that it had afforded to parole violation hearings, recognized a year earlier in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Ohio Supreme Court adopted these requirements in *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975). The minimal due process requirements are:

> 1) written notice of the claimed violations; 2) disclosure of evidence against him; 3) opportunity to be heard and to present witnesses and documentary evidence; 4) the right to confront and cross- examine adverse witnesses; 5) a "neutral and detached" hearing body; and 6) a written statement by the factfinder of the evidence relied upon and reasons for revocation. *State v. Davis*, 8th Dist. No. 93959, 2010-Ohio-5126, ¶ 26, citing *Miller*.

These same minimum due process rights extend to community control revocation hearings. *Id*.

**{¶16}** A community control revocation hearing is not a criminal trial, but rather an informal proceeding with relaxed rules of evidence and procedure. *Columbus v. Bickel*, 77 Ohio App.3d 26, 36, 601 N.E.2d 61 (10th Dist.1991). Accordingly, it is not subject to the rules of evidence and thus allows for the admission of hearsay evidence. Evid.R. 101(C)(3); *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶ 21 (6th Dist.). However, "the admission of hearsay evidence at a probation revocation hearing can compromise the probationer's due process right to confront adverse witnesses" as set forth in *Gagnon*. *Bickel* at 36-37.

**{¶17}** The evidentiary burden is also different from that of a criminal trial. The court need only find that substantial evidence of a violation of a term of community control exists. *State v. Wallace,* 7th Dist. No. 05 MA 172, 2007-Ohio-3184, ¶ 16. "As

always, the weight to be given to the evidence and the credibility of the witnesses are primarily the province of the trier of facts." *Id.*, citing *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).

### i. Probable Cause Hearing

{¶18} Appellant's first assigned error states that "[t]he trial court denied [him] due process by sentencing [him] without first holding a preliminary hearing or recording its findings in a written opinion."

{¶19} A probable cause hearing allows one accused of community control violations to challenge the basis of that claim instead of languishing in jail until a full revocation hearing can be conducted. The notice requirement also provides those accused of violating terms of community control with information about the allegations against them and a meaningful opportunity to respond. *Lakewood v. Grundstein,* 8th Dist. No. 84763, 2005-Ohio-2826, ¶ 14.

{¶20} Appellant gave no indication that he objected to the consolidated hearing held below before or while it was taking place. Appellant had appointed counsel who was prepared to go forward and made arguments on appellant's behalf. The Tenth District, analyzing a similar scenario for plain error, found no prejudice and overruled an objection to a consolidated hearing raised for the first time on appeal. *State v. Hammonds*, 10th Dist. No. 06AP-1122, 2007-Ohio-4456, ¶ 15.

{¶21} Here, appellant did not object to a consolidated hearing, and has waived all but plain error. *Id.* Plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly

improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166, 1996-Ohio-100, 661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643. Examined in light of this deferential standard, appellant has failed to show that plain error occurred here.

### ii.   Failure to Issue Written Opinion

{¶22} As stated earlier, one of the due process requirements to be afforded in community control revocation proceedings is a written opinion setting forth the reason for revocation and the evidence relied on. However, a court need not issue a written opinion where it sufficiently explains its reasons and the evidence relied on to the defendant on the record such that a sufficient record exists for appellate review. *State v. Delaney*, 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984); *State v. Martin*, 8th Dist. No. 82140, 2003-Ohio-3381, ¶ 23.

{¶23} The statements made by the trial court in this case satisfy the exception in *Delaney* and provide a sufficient record for review on appeal. Also, appellant failed to raise this issue below, waiving all but plain error. Appellant was not prejudiced by the lack of a written statement from the trial court where the court sufficiently explained its decision.

{¶24} Appellant's first assignment of error is overruled.

### iii.   Sufficiency of the Evidence

{¶25} Appellant's second assignment of error argues that "[t]he trial court abused its discretion when it violated and sentenced [him] for an alleged failure to take medication."

{¶26} Appellant argues that the trial court erred in allowing hearsay statements as the basis for revoking community control, but the rules of evidence do not apply to community control revocation hearings. Evid.R. 101(C)(3). Nurse Beaver had notified probation officer Polito via email that appellant had refused to take his medication. After nurse Beaver's allegations of failure to take medication were presented to the court, appellant's attorney stated,

> Last March or March 3rd, this Court allowed [appellant] an opportunity on Community Control, want to put him in CBCF [community based corrections facility] and give him that chance.

> [Appellant] didn't take his medication, it didn't work out, but he's a mental health * * *.

The trial court then interrupted appellant's attorney to state that, throughout the period of community control, appellant's failure to take medication had been a continual problem.

{¶27} Appellant's attorney admitted that appellant had failed to take prescribed medication. Appellant did not object to the state's failure to present Nurse Beaver for cross-examination and did not attempt to cross-examine probation officer Polito regarding the allegation, again waiving all but plain error for review. *State v. Woodruff*, 2d Dist. No. 19697, 2003-Ohio-6518, ¶ 26.

{¶28} Additionally, community control was terminated based on appellant's failure to gain entry into a court-mandated treatment program. This alone is sufficient. Community control may be revoked where, because of mental illness, a defendant is

unable to comply with community control sanctions. *State v. Norris*, 5th Dist. No. 2010CA0070, 2010-Ohio-6007, ¶ 20-21. There is no requirement that a violation of community control be willful. *Id*. at ¶ 20.

{¶29} Appellant argues that his mental condition should engender some degree of leniency. The trial court did just that — giving appellant numerous opportunities for treatment rather than prison. And with those opportunities, appellant received three additional criminal convictions increasing in severity.

{¶30} Recently, the First District reaffirmed the view that insanity is not a defense to community control violations, but only a mitigating factor. *State v. Castellini*, 1st Dist. Nos. C-110445 and C-110446, 2012-Ohio-1603. This is because where "the condition of the defendant which led to the commission of an act which is in violation of probation (arguably insanity in this case) is a threat to the safety or welfare of society, then the sentencing court may revoke probation even though that condition of defendant is one over which he has no control." *State v. Qualls*, 50 Ohio App.3d 56, 60, 522 N.E.2d 957 (10th Dist.1988).

{¶31} Appellant's failure to gain admittance into a court-mandated treatment program, a condition of community control, fits squarely within the rationale of *Qualls*. Therefore, appellant's argument that his failure to take his prescribed medication and gain admittance to a court mandated treatment program should not result in termination of community control is unavailing.

{¶32} Appellant's second assignment of error is overruled.

## B. Ability to Modify Sentence

**{¶33}** Appellant's third assignment of error sets forth that "[t]he trial court erred when it allowed [him] to be taken from the jurisdiction of the court while a motion for reconsideration was pending with the trial court."

**{¶34}** Appellant argues that the trial court should have kept him in jail pending resolution of his motion for reconsideration or mitigation. By allowing him to be transferred to prison, appellant argues the court lost jurisdiction to consider his motion. However, a criminal sentence is final upon issuance of a final order. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11. In *Carlisle*, the Ohio Supreme Court discussed the belief held by several courts of appeals that a sentence is not final until it is carried into execution. *Id.* The *Carlisle* court assuredly put that belief to rest — holding that the trial court's ability to modify or reconsider a criminal sentence until it had been carried into execution was premised upon a statute that had been repealed. *Id.* at ¶ 13-15.

**{¶35}** Therefore, the trial court did not err in allowing appellant's sentence to be carried into execution while a motion for reconsideration or modification was pending. The trial court's sentencing entry was final when issued.

**{¶36}** Appellant's third assignment of error is overruled.

## C. Consecutive Sentences

**{¶37}** Appellant's fourth and fifth assignments of error take issue with the imposition of consecutive sentences. Appellant argues that, under Ohio's most current sentencing scheme, the trial court could only order consecutive sentences under certain circumstances inapplicable to the present case, or the court was required to make findings supporting such a sentence.

**{¶38}** Appellant's sentencing hearing took place on April 14, 2011. The new sentencing regime under H.B. 86 did not take effect until September 30, 2011. Therefore, these changes were inapplicable to appellant's case when his sentence was imposed. Under prior law, a trial court could impose consecutive sentences for separate cases. *See* former R.C. 2929.14(B)(1).

**{¶39}** Appellant's argument that *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), revived certain provision of Ohio's sentencing statutes requiring certain findings be made by the trial court before imposing consecutive sentences has previously been disposed of by the Ohio Supreme Court in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 19. Therefore, this argument is not well-taken.

**{¶40}** The trial court did not err in sentencing appellant to consecutive sentences without making findings where provisions requiring such findings were stricken by the Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and were not revived by H.B 86 until after appellant was sentenced.

**{¶41}** Appellant's fourth and fifth assignments of error are overruled.

D. Clarity in Sentencing Entry

**{¶42}** Appellant's final assignment of error states that "[t]he trial court erred when stating its sentence as 66 months, when in fact the actual, aggregate sentence totaled 54 months."

**{¶43}** On April 16, 2012, this court remanded this case to the trial court to enter a more definite sentencing entry. The trial court complied and issued more definite sentencing entries in CR-510116, CR-532573, and CR-524553. Those entries are sufficient.

**{¶44}** The sentencing transcript and entries in this case indicate the trial court meant to impose a 66-month prison sentence. It ran the sentences imposed in CR-510116 and CR-532573 consecutively to two other concurrent sentences imposed in CR-535298 and CR-524553. The sentencing entries in CR-510116 and CR-532573 indicate that each sentence is to be served consecutively to the other three cases, but specifies the total sentence as 66 months. From these entries, it is clear that appellant's sentence is 66 months in length, derived from the 12-month sentence in CR-532573 served consecutively to the 18-month sentence in CR-510116, served consecutively to the two concurrent aggregate 36-month sentences imposed in CR-535298 and CR-524553. This does not equate to a 54-month sentence as appellant claims. Each entry specifies an aggregate sentence of 66 months. Further, appellant does not claim that the sentence is outside the statutory bounds. *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Appellant was informed of this aggregate sentence at his community control revocation hearing, and he was warned during his March 3, 2010 revocation

hearing that a 66-month sentence would be imposed for a further violation. This assignment of error is overruled.

**{¶45}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR