[Cite as *State v. Beringer*, 2016-Ohio-3503.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                        Court of Appeals No.  L-15-1253
                                                                          L-15-1254

        Appellee

                                             Trial Court No. CR0201301618
v.                                                                   CR0201302270

Traci Beringer                                      **DECISION AND JUDGMENT**

        Appellant                               Decided:  June 17, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Maggie E. Koch, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * * *

**SINGER, J.**

{¶ 1} Appellant, Traci Beringer, appeals from a decision of the Lucas County

Court of Common Pleas revoking her community control sanctions and sentencing her to

48 months in prison.  For the reasons that follow, we affirm.

{¶ 2} On May 23, 2013, appellant entered a guilty plea to harassment with a bodily substance, a violation of R.C. 2921.38(B) and (D) and a felony of the fifth degree. On June 10, 2013, she was sentenced to five years of community control. On October 1, 2013, she was found in violation of her community control. Her community control conditions were continued but modified.

{¶ 3} On September 17, 2013, appellant entered a plea of no contest to one count of escape, a violation of R.C. 2921.34(A)(1) and (C)(2)(b). The escape charge resulted from her failing to return to the work release program in which she was participating in as part of her previous community control sanction. She was sentenced to three years of community control for the escape charge.

{¶ 4} On June 4, 2015, she was found in violation of her community control sanction imposed as a result of her escape charge. Her community control conditions were continued.

{¶ 5} On August 20, 2015, appellant appeared before the court for violating her community control sanctions. Specifically, she failed to refrain from the use of illicit substances and she failed to submit to urinalysis. She was sentenced to serve 36 months in prison for harassment with a bodily substance and 12 months in prison for escape. The sentences were ordered served consecutively. Appellant now appeals, and her appeals have been consolidated, setting forth the following assignment of error:

I. The trial court abused its discretion by revoking appellant's community control.

2.

**{¶ 6}** The decision whether to revoke probation is within the trial court's discretion. *State v. Beeler*, 4th Dist. Ross No. 14CA3454, 2015-Ohio-668, ¶ 6. *State v. Johnson*, 7th Dist. Mahoning No. 09-MA-94, 2010-Ohio-2533, ¶ 10; *State v. Ritenour*, 5th Dist. Tuscarawas No. 2006AP-010002, 2006-Ohio-4744, ¶ 37. Thus, a reviewing court will not reverse a trial court's decision absent an abuse of discretion. *Johnson, supra*; *State v. Dinger,* 7th Dist. Carroll No. 04-CA-814, 2005-Ohio-6942, ¶ 13. "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *Johnson, supra*, citing *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984). In determining whether there was a probation violation, the trial court need not find the probation violation established beyond a reasonable doubt. *Johnson, supra*, at ¶ 11, citing *State v. Wallace,* 7th Dist. Mahoning No. 05-MA-172, 2007-Ohio-3184, ¶ 16.

**{¶ 7}** The record shows that appellant was given numerous chances to avoid incarceration but she failed to comply with the conditions of her community control sanctions. It is noteworthy that her second felony charge is a direct result of her violating her first community control sanction. Given her unsuccessful history with community control, we cannot say that the court abused its discretion in revoking her community control.

**{¶ 8}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.