[Cite as *State v. Hobbs*, 2019-Ohio-5145.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1165

      Appellee                            Trial Court No. CR0201703023

v.

Lamonte Hobbs                          **DECISION AND JUDGMENT**

      Appellant                           Decided:  December 13, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Lamonte Hobbs, appeals the July 3, 2018 judgment of the Lucas County Court of Common Pleas finding him guilty of assault and sentencing him to 180 days in jail, all of which were suspended, and one year of probation.  Finding that the issues raised on appeal are moot, we dismiss the appeal.

## I. Background

{¶ 2} On November 21, 2017, appellant, Lamonte Hobbs, was indicted on one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. The matter proceeded to a bench trial on June 25, 2018, where the following facts were established.

{¶ 3} On November 10, 2017, appellant was employed as a corrections officer at the Lucas County Jail. Appellant was assigned to the booking desk for the intake of arrestees. On that night, victim T.M. was arrested and brought to the Lucas County Jail. After being booked, a process during which T.M. acknowledges he was uncooperative, he was moved to a holding "pod" with several other individuals where he remained until the underlying incident occurred.

{¶ 4} Following a different arrestee's entry into the pod, T.M. approached appellant, who remained in the doorway, to discuss his inability to make a phone call upon his booking. Following a brief interaction, T.M. walked away from appellant back into the pod. While doing so, he raised his middle finger at appellant.[1] Appellant entered the pod, grabbed appellant by the collar, and pulled him to the ground. At trial and on appeal, appellant argues that he slipped while attempting to escort T.M. from the pod and

---

[1] Appellant argues T.M. used a racial epithet while displaying the hand gesture. While video of the incident was included in the record, the microphone did not record the verbal altercation immediately preceding the underlying incident. The inability to determine precisely what was said during this interaction is not relevant to our resolution of this appeal.

2.

that the slip is the reason the pair fell. The trial court noted appellant did appear to slip but only after appellant had pulled T.M. down by his collar. T.M. suffered minor abrasions as a result of being pulled down and the subsequent intervention and handcuffing by several other corrections officers while he was on the ground. T.M. was then escorted to a holding cell with no further physical contact between himself and appellant.

{¶ 5} When appellant returned to work the following evening, he prepared a written incident report describing the altercation with T.M. Pursuant to internal procedure, the report and surveillance video of the incident were reviewed by the Lucas County Sheriff's Office's acting director of jail security. Finding discrepancies between appellant's written description of events and the surveillance video, the acting director referred the matter forward through the office's internal investigation procedures. The matter was ultimately referred to the Lucas County prosecutor's office and was presented to the grand jury. Appellant was indicted for assault in violation of R.C. 2903.13(A), a first-degree misdemeanor.

{¶ 6} On June 28, 2018, following a three-day bench trial, the trial court found appellant guilty of assault. In its July 3, 2018 sentencing order, the trial court sentenced appellant to 180 days in jail. That entire jail term was suspended and the trial court sentenced appellant to one year of probation during which appellant was required to complete 30 hours of community service and seek and maintain gainful, verifiable employment. No request for stay of sentence was filed by appellant pending appeal. On

3.

April 5, 2019, on recommendation of the Lucas County Adult Probation Department, the trial court terminated appellant's probation prior to the expiration of the one-year term originally imposed.

{¶ 7} Prior to that early termination, appellant timely appealed from the July 3, 2018 judgment entry and asserts the following errors for our review:

1. THE STATE DID NOT PROVIDE SUFFICIENT EVIDENCE TO PROVE THAT APPELLANT COMMITTED ASSAULT

2. THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE

3. THE FAILURE OF THE STATE TO PROVIDE ALL VIDEO OF THE VICTIM IN THE COUNTY JAIL WHILE HE WAS IN BOOKING WAS A BRADY VIOLATION

## II. Law and Analysis

{¶ 8} Before addressing the merits of appellant's assignments of error, we must first determine whether these assignments are subject to review in light of the trial court's April 5, 2019 termination of appellant's probation. "Under Ohio law, an appeal from a misdemeanor conviction is moot if the sentence in that case was voluntarily served unless the defendant demonstrates that [they] will suffer some collateral disability or loss of civil rights arising from that conviction." *City of Toledo v. Cowans*, 6th Dist. Lucas No. L-07-1332, 2008-Ohio-2989, ¶ 9, citing *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994). "If a defendant fails to file a motion to stay execution of sentence in

a case involving a misdemeanor, [they are] deemed to have voluntarily served [their] sentence." *Id.,* citing *State v. Miller*, 9th Dist. Summit No. 23240, 2007-Ohio-370, ¶ 8.

{¶ 9} When a sentence has been voluntarily served, appellant must provide evidence "from which an inference can be drawn that the defendant will suffer some collateral disability or the loss of civil rights" arising from their conviction to proceed on appeal. *Cleveland Heights v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 18. That evidence must be sufficient to show the appellant has "a substantial stake in the judgment of conviction" to pursue an otherwise moot appeal. *Golston* at 226. The burden to produce such evidence rests with appellant. *Id*. Our review of the record shows appellant has failed to satisfy this burden.

{¶ 10} Following his misdemeanor conviction, the trial court sentenced appellant to 180 days in jail, all of which were suspended. The trial court also sentenced appellant to a one-year term of probation pursuant to R.C. 2929.25 and 2929.27. While serving probation, appellant was ordered to comply with any rules and regulations established by the Lucas County Adult Probation Department. Additionally, the trial court ordered appellant to serve 30 hours of community service and seek and maintain gainful employment as conditions of his probation. Lastly, the trial court ordered appellant to pay court costs but permitted him to satisfy those costs through community service as approved by the probation department. Other than the one-year term of probation, the trial court did not impose any additional community control sanctions as permitted under R.C. 2929.27. On April 5, 2019, on the recommendation of the Lucas County Adult

5.

Probation Department, the trial court terminated appellant's probation early. At no point between sentencing and the early termination of his probation did appellant seek a stay of his sentence pending appeal. Because appellant failed to seek a stay a stay of his sentence, as noted by appellee, he voluntarily served his misdemeanor sentence. *Cowans* at ¶ 9.

{¶ 11} While we deemed appellant voluntarily served his sentence in accordance with *Cowans*, the facts underlying appellant's conduct related to his sentence are sufficient on their own to show he voluntarily served his sentence. When a trial court imposes a community control sanction for a misdemeanor conviction, the trial court's jurisdiction over the defendant lasts for the duration of any community control sanctions imposed. R.C. 2929.25(B). Once that period expires, however, a trial court's jurisdiction to impose additional sanctions likewise expires. *State v. Johnson*, 7th Dist. Mahoning No. 09-MA-94, 2010-Ohio-2533, ¶ 30-31. Here, the trial court terminated appellant's probation on April 5, 2019. On April 15, 2019, the Lucas County Adult Probation Department filed an "Information on Community Service In Lieu of Court Costs" reflecting appellant's satisfaction of court costs through community service. As a result, the trial court's jurisdiction over appellant expired. *Id.* Appellant makes no argument that he is subject to further sanctions to be imposed by the trial court. Because the trial court's jurisdiction over appellant concluded with the early termination of his probation and the satisfaction of court costs, we find appellant voluntarily completed his misdemeanor sentence prior to resolution of this appeal. As a result, his appeal is moot

6.

unless he provides evidence he will suffer a collateral disability or loss of civil rights arising from his conviction. *Cowans* at ¶ 9.

{¶ 12} Appellant's brief makes no claim of collateral disability from his conviction. In its responsive brief, the state argues this appeal is moot as appellant has completed his sentence. Notably, appellant failed to file a reply brief in which he could have provided the evidence necessary to overcome the mootness of his appeal in response to the state's argument. As it was appellant's burden to provide this evidence, his failure to do so precludes us from finding he is subject to collateral disability or loss of civil rights arising from the conviction. We recognize the nature of appellant's employment as a corrections officer would potentially be impacted by an assault conviction. However, review of the trial transcript reveals appellant was terminated from that position prior to his conviction. As a result, the loss of employment cannot serve as a disability collateral to his conviction since his termination was not based on the conviction itself.

{¶ 13} Put simply, appellant failed in his burden to provide any evidence which shows he will suffer a collateral disability or loss of civil rights. *Golston*, 71 Ohio St.3d at 226, 643 N.E.2d 109. Accordingly, appellant's appeal is moot and we will not consider it.

### III. Conclusion

{¶ 14} This appeal is moot as a result of appellant voluntarily completing his sentence and his failure to identify a collateral disability or loss of civil rights associated

with his conviction.  Therefore, this appeal is dismissed.  Appellant is ordered to pay the

costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                    JUDGE

Thomas J. Osowik, J.

                                                            _____
Gene A. Zmuda, J.                                        JUDGE
CONCUR.

                                                            _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.