OPINION
{¶ 1} This matter involves the appeal of a probation revocation entered by the Newton Falls Municipal Court of Trumbull County. Appellant, Randall J. Sallaz, summarily challenges the proceedings, claiming his rights to due process were violated.
 {¶ 2} On August 13, 2002, appellant entered a plea of no contest to a charge of driving under the influence of alcohol ("DUI") and other minor traffic offenses. The court accepted the plea and, although on probation for a vehicular homicide and DUI in Mahoning County, the trial court placed appellant on two years probation.
 {¶ 3} On October 31, 2002, appellant was arrested for driving under suspension ("DUS"). Appellant was given notice of his violation and notice that he was required to appear on November 26, 2002 for a probable cause hearing regarding his probation revocation. Appellant appeared for the hearing without counsel who was out of the country until December 2, 2002. During the hearing, the court advised appellant of the basis of the allegations and how his acts violated the terms of his probation. During this colloquy, appellant impliedly admitted to the underlying charge of DUS, i.e. appellant admitted that he had operated a motor vehicle because his child was ill. The court found appellant's excuse inadequate and found probable cause to place appellant in custody.
 {¶ 4} Although the record is thin regarding the exact nature of the notice, the docket sheet indicates that appellant and his attorney were notified of the date of the revocation hearing on November 26, 2002. On December 5, 2002, a probation revocation was held where appellant appeared with counsel. At the hearing, the arresting officer testified that he stopped appellant for operating a vehicle without two operating headlights. After speaking with appellant, appellant admitted that he did not have a driver's license. According to the officer, appellant indicated that he was en route to retrieve his children from daycare and on his way to pick up his girlfriend at work.
 {¶ 5} The trial court found appellant in violation of his probation and reinstated appellant's jail sentence. Appellant now appeals.
 {¶ 6} Appellant assigns two errors for our consideration:
 {¶ 7} "[1.] Appellant was denied effective assistance of counsel when the trial court refused to continue trial to allow counsel to properly interview witnesses and complete discovery, as well as his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 8} "[2.] The conviction is against the manifest weight of the evidence in violation of Section 3(B)(3), Article IV of the Ohio Constitution."
 {¶ 9} Under his first assignment of error, appellant makes several arguments relating to the trial court's denial of his motion for continuance. First, appellant claims that the trial court abused its discretion in denying defense counsel a continuance on the day of the probation revocation hearing. From this abuse, appellant concludes, he was denied effective assistance of counsel due to his attorney's inability to complete discovery and fully prepare for the hearing. We disagree.
 {¶ 10} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of a trial judge. State v. Unger (1981),67 Ohio St.2d 65, at syllabus. A reviewing court will not reverse the denial of a continuance unless the lower court abused its discretion. Id. at 67. However, we bear in mind that "`[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" Id., citing Ungar v. Sarafite
(1964), 376 U.S. 575, 589.
 {¶ 11} At the hearing the following exchange took place between appellant's counsel and the court:
 {¶ 12} "[The Court]: You filed no request for discovery. You've known about this hearing since this court called your office and set the hearing so that it would fit your schedule. * * *
 {¶ 13} "[Counsel]: * * *. Your Honor. I was out of the country until Monday evening at approximately 10:00 p.m. I called yesterday to find out the nature of the hearing. I tried to speak to the court bailiff. I was advised the court bailiff was gone. I came here today under the impression that this was a probable cause hearing, not a merits hearing. So therefore, I didn't have the ability to even prepare or sign the documents for pleadings requesting discovery prior to today.
 {¶ 14} "[The Court]: All right. It is a merits hearing, and at this point we'll overrule the objection.
 {¶ 15} "[Counsel]: Your Honor, I'm not trying to belabor —
 {¶ 16} "[The Court]: Your objection is noted.
 {¶ 17} "[Counsel]: Thank you, Judge. I'd like to at this time move to continue this hearing today long enough for me to be able to request and review discovery to be able to properly prepare to defend my client.
 {¶ 18} "[The Court]: Objection is overruled."
 {¶ 19} The probation revocation hearing occurred on Thursday, December 5, 2002. Counsel indicated he was traveling abroad until his return on Monday night, December 2, 2002. The record contains no time stamped documents indicating when the court notified appellant's counsel of the date and time of the merit hearing. However, the court's docket sheet shows an entry on November 26, 2002 indicating that the probation revocation hearing was set for December 5, 2002 and that appellant's counsel was notified. Further, on April 2, 2003, appellant filed a motion with this court[1] with attached exhibits. One of the attached exhibits was a copy of a "Notice of Trial Pre-Trial, Etc." from the Newton Falls Municipal Court notifying appellant and his counsel that the case had been set for a probation violation hearing on November 26, 2002, at 1:30 p.m. The date on this document is November 26, 2002 which corresponds to the docket sheet entry noted supra.
 {¶ 20} Although appellant's counsel was out of the country, the court's sparse record demonstrates his office had some notice of the merit hearing as early as November 26, 2002. To be sure, counsel did not have significant time to prepare for the hearing, i.e., if he returned from his trip late Monday, he had two days to make the necessary discovery requests. However, in denying counsel's request for a continuance, the court noted that counsel had notice of the nature of the hearing since November 26, 2002 and the hearing was scheduled at a time that would fit counsel's schedule. The court ostensibly based its decision upon the fact that, irrespective of counsel's personal schedule, counsel had notice of the exact nature of the hearing. With this information, counsel could have filed his discovery requests or filed an earlier motion to continue the hearing. Counsel did neither. Under the circumstances, we cannot say that the court's denial of counsel's motion for continuance made after the commencement of the proceedings was arbitrary or unreasonable.
 {¶ 21} However, assuming arguendo, that the court inappropriately denied appellant's motion for continuance, any consequent error was harmless. At the probable cause hearing, appellant was present without counsel.[2] During a dialogue with the court, appellant admitted to committing the offense on which the ultimate probation revocation was based. The following colloquy is relevant:
 {¶ 22} "[The Court]: Well, Mr. Sallaz, the difficulty that I have today is this. There can be no doubt that you have no driver's license. There can also be little doubt unless there was a fictitious name supplied at the time that a Randall Sallaz was arrested in Middlefield on the 31st of October behind the wheel of a car.
 {¶ 23} "[Appellant]: Sir, I —
 {¶ 24} "[The Court]: You have no right to be there.
 {¶ 25} "[Appellant]: I had an emergency. My son was running a fever.
 {¶ 26} "[The Court]: Listen to me.
 {¶ 27} "[Appellant]: My aunt called me.
 {¶ 28} "[The Court]: Listen to me.
 {¶ 29} "[Appellant]: And I'd do anything. I love my son.
 {¶ 30} "[The Court]: There are ambulances for that. And there are ambulances that have licensed drivers behind the wheel that are insured. And you are neither. You don't have any insurance, and you don't have a driver's license. * * *"
 {¶ 31} In the context of the discussion, appellant's voluntary statement that he "had an emergency" is a tacit admission that he was driving without a license. As such, even if appellant's counsel had more time for discovery, it is unclear how such preparation would have impacted the court's determination that appellant was driving under suspension in violation of his probation. Where a party avers that he engaged in the criminal activity on which his probation revocation is premised, no amount of preparation can negate this admission. In any event, we find no error in the court's denial of appellant's motion for continuance.
 {¶ 32} Furthermore, the court's denial of appellant's motion did not render defense counsel's assistance ineffective. In order to substantiate a claim for ineffective assistance of counsel, appellant must demonstrate (1) that defense counsel's performance was seriously flawed and deficient; and (2) that the result of the proceeding would have been different had counsel provided proper representation. See, Strickland v.Washington (1984), 466 U.S. 668, 687. In essence, to warrant a reversal, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is that sufficient to undermine confidence in the outcome. Id. at 694.
 {¶ 33} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his or her legal duty in an ethical and competent manner. Id. at 689
 {¶ 34} Herein, appellant fails to demonstrate that defense counsel's performance was so seriously flawed and deficient that he experienced prejudice during his probation revocation hearing. However, even assuming counsel's performance was ineffective due to the alleged lack of preparation, appellant cannot demonstrate prejudice. As noted above, appellant essentially confessed to driving with a suspended license during his preliminary hearing. Even if counsel had been granted a continuance and was able to interview witnesses, appellant fails to demonstrate a reasonable probability that the result of the hearing would have been different. Therefore, appellant was not denied effective assistance of counsel.
 {¶ 35} Next, appellant challenges the content of the notice he received regarding the probation revocation hearing; in particular, appellant contends that the notice failed to inform him of the specific nature of the violation on which his revocation hearing was based. Appellant also claims that the notice failed to accurately describe the nature of the hearing at issue preventing defense counsel the opportunity to properly prepare.
 {¶ 36} In Gagnon v. Scarpelli, (1973), 411 U.S. 778 the United States Supreme Court set forth the minimum due process requirements for the revocation of probation. The court concluded that a probationer is entitled to a two-tiered hearing process when charged with a probation violation. Id. at 782. First, a court must conduct a preliminary or probable cause hearing. The probable cause hearing is a trial court's timely inquiry into the probationer's conduct, the validity of the conditions alleged violated, and the reasonable grounds for the violation. State v. Delaney (1984), 11 Ohio St.3d 231, 233. The probable cause hearing is designed to prevent a probationer's unjust imprisonment pending a revocation hearing. Id.
 {¶ 37} Next, the probationer is entitled to an actual merits hearing on the probation violation. The probation revocation hearing is not a criminal trial but an informal hearing structured to assure that the finding of a probation violation will be grounded on verified facts and that the exercise of discretion will be informed by accurate knowledge of the probationer's behavior. State v. Loesser (July 24, 1997), 8th Dist. No. 71480, 1997 Ohio App. LEXIS 3208, at 10. "The rules of evidence do not apply to probation revocation proceedings." Id., citing Evid.R. 101(C)(3).
 {¶ 38} The final revocation hearing is less summary in nature than the probable cause hearing because the decision under consideration is the actual revocation rather than a mere determination of probable cause. Therefore, due process requires: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation. See, Gagnon, supra, at 786.
 {¶ 39} We have previously held that rigorous, literal adherence to theGagnon requirements is not mandatory; nonetheless, substantial compliance is required. See, e.g., Remalia, supra, at 5-6.
 {¶ 40} That said, appellant did not object to the claimed due process violations to which he assigns error. Generally, failure to object to due process violations during a probation revocation waives any error. Statev. Gilreath (July 7, 2000), 2d Dist. No. 2000-CA-1, 2000 Ohio App. LEXIS 3030, at 7. However, a party who fails to object to a due process violation may still prevail on appeal if the error rises to the level of plain error. Id., citing, Crim.R. 52(B).
 {¶ 41} When analyzing a case for plain error, a court must determine whether the outcome of the trial would clearly have been otherwise but for the error. State v. Woodruff, 2d Dist. No. 19697, 2003-Ohio-6518, at ¶ 26, citing State v. Stallings, 89 Ohio St.3d 280, 285, 2000-Ohio-164.
 {¶ 42} In the current matter, appellant was present at the probable cause hearing which took place on November 26, 2002. By virtue of his presence, appellant evidently received notice of the initial proceedings. See State v. Mingua (1974), 42 Ohio App.2d 35, 38, (there is no due process right to written notice of the alleged probation violations prior to a preliminary/probable cause hearing due to the hearing's nature). During these proceedings, the court apprized appellant of the charge against him, viz., driving under suspension. Appellant implicitly admitted to driving while suspended during the hearing. Thus, the record of the probable cause hearing demonstrates that appellant was aware of the nature and basis of the charge.
 {¶ 43} We also note that, although there is no record copy of the notice sent to appellant regarding his probation revocation hearing, appellant provided a copy of the trial court's notification letter as an exhibit attached to an earlier motion to this court.[3] As its docket entry suggests, the court provided written notification of the claimed violation of probation. The trial court complied with its obligation to send appellant written notice of the hearing. As such, we find no plain error.
 {¶ 44} Next, appellant argues that he was impermissibly faced with the choice of either testifying on his own behalf at the revocation hearing and waiving his privilege against self-incrimination at his DUS trial or remaining silent at the hearing and preserving his opportunity for testimony at the DUS trial. In effect, appellant contends that because the trial court denied his continuance, he was compelled to "pick and choose" between his rights.
 {¶ 45} We disagree with appellant's characterization of his plight. The Fifth Amendment protects a party against compelled self-incrimination.[4] "The Amendment speaks of compulsion. It does not preclude a witness from testifying voluntarily in matters which may incriminate him." United States v. Monia (1943), 317 U.S. 424, 427.
 {¶ 46} Under the circumstances, appellant was under no pressure to testify in his probation revocation hearing; moreover, the lower court was under no duty to continue the probation revocation hearing until the DUS charge was resolved. The fact that appellant was required to make a choice as to whether to testify at the revocation hearing and thereby waive his privilege against self-incrimination does not make this decision a so-called "Hobson's Choice."
 {¶ 47} In any criminal proceeding, a defendant must determine whether to assert or waive his Fifth Amendment privilege against self-incrimination. The fact that appellant had a future criminal proceeding pending on the DUS charge did not compromise his ability to assert or waive his privilege. Criminal defendant's charged with multiple crimes in multiple jurisdictions are faced with similar decisions regularly. Irrespective of the outcome, the decision to testify is always the individual's. The fact that the decision may have ramifications on future proceedings does not mean that the state or the court compels a defendant to "pick and choose" between his rights.
 {¶ 48} Moreover, appellant fails to recognize that he essentially admitted to driving with a suspended license during the probable cause hearing. In Miranda v. Arizona (1966), 384 U.S. 436, the United States Supreme Court stated:
 {¶ 49} "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. * * * Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." Id. at 478.
 {¶ 50} Remarks that are not in response to any form of interrogation are fully admissible. State v. Mills (1992), 62 Ohio St.3d 357, 366. Hence, incriminating statements that are the product of a defendant's own initiative in the absence of any other words or actions likely to elicit an incriminating response are voluntary and fully admissible. Although the Fifth Amendment protects a party from compelled self-incrimination, it does not afford an accused the opportunity to retract his own inopportune utterances.
 {¶ 51} In the current matter, appellant's tacit admission that he was driving with his license suspended was offered spontaneously without any direct question from the court. The statement directly implies that appellant was engaging in the activity that was the basis for his probation revocation, i.e., driving without a driver's license. Because appellant voluntarily and spontaneously made this incriminating statement, it is admissible in evidence in any future proceeding against him. Although the issue is not currently before us, appellant's spontaneous, incriminating statement at the probable cause hearing may have functionally waived the privilege as it pertains to any future proceeding related to the underlying DUS. Thus, appellant's argument that he was compelled to "pick and choose" his rights due to the court's denial of the motion for continuance is misplaced.
 {¶ 52} For the above reasons, appellant's first assignment of error is overruled.
 {¶ 53} In his second assignment of error, appellant claims that the trial court improperly "convicted"[5] him of violating his probation. Appellant argues that the state failed to present proof that appellant was operating a "motor vehicle." As such, appellant maintains, the state failed to present adequate evidence to sustain a finding that he was driving under suspension. Although appellant's argument is styled in a manner which challenges the sufficiency of the evidence, appellant claims the court's revocation of his probation was against the weight of the evidence. We disagree.
 {¶ 54} When faced with a manifest weight of the evidence argument relating to a probation revocation hearing, a reviewing court engages in a limited weighing of the evidence to determine whether there is substantial evidence of a violation. The issue is not whether the probationer's conduct suffices for criminal culpability; rather, the concern is merely whether the act was committed. See, e.g., State v.Monac (Aug. 11, 2000), 7th Dist. No. 99-CO-17, 2000 Ohio App. LEXIS 3684, at 4; State v. Osting, 11th Dist. Nos. 2001-T-0140 and 2001-T-0141, 2002-Ohio-6695, ¶ 9.
 {¶ 55} Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." State v. Thompkins (1997), 78 Ohio St.3d 380,387.
 {¶ 56} In the current case, appellant admitted to driving a vehicle without a license during his preliminary hearing. Moreover, at the probation revocation hearing, the arresting officer testified to the details of the traffic stop. To wit, he indicated appellant was stopped for a "headlight violation." The officer was advised through LEADS that appellant's license was suspended. After receiving this information, the officer testified that appellant admitted that his license was suspended.
 {¶ 57} From these facts, we conclude that there was sufficient credible evidence to sustain the inference that appellant, more likely than not, did drive with a suspended license while on probation. Appellant's probation revocation was not against the manifest weight of the evidence. Thus, appellant's second assignment of error lacks merit.
 {¶ 58} For the foregoing reasons, the judgment of the Newton Falls Municipal Court revoking appellant's probation is affirmed.
Ford, P.J., and Christley, J., concur.
[1] In his April 2, 2003 motion, appellant moved this court to vacate our March, 2003 judgment entry dismissing his appeal for failure to prosecute. This court granted said motion and the current appeal ensued.
[2] The constitution does not require representation at a preliminary hearing on a probation violation. In fact, Crim.R. 32.3(B) the procedural rule addressing revocation of community release, has been construed to require legal counsel only at the final hearing and not the preliminary hearing. See, e.g., State v. Remalia (Dec. 20, 1991), 11th Dist. No. 91-T-4518, 1991 Ohio App. LEXIS 6240, at 9.
[3] As this copy was not in the trial court's record, we cannot entertain its merits. However, to the extent that it shows that notice was actually sent, we mention its existence.
[4] The Fifth Amendment declares that "No person * * * shall be compelled in any criminal case to be a witness against himself."
[5] During a probation revocation hearing, a party's probation may be revoked to the extent that substantial evidence is offered to justify the revocation. However, the revocation itself is not a criminal conviction.