**[Cite as *State v. Bernard*, 2020-Ohio-5545.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-072

      Appellee                              Trial Court No. 2016CR066

v.

James Jacob Bernard                     **DECISION AND JUDGMENT**

      Appellant                             Decided:  December 4, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, James Jacob Bernard, appeals the August 21, 2019 judgment of

the Wood County Court of Common Pleas finding him in violation of the terms of his

previously imposed terms of community control and sentencing him to an aggregate term

of eight years in prison.

{¶ 2} On June 27, 2017, appellant entered guilty pleas to one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), (B)(1), a felony of the first degree; three counts of aggravated theft, in violation of R.C. 2913.02(A)(1), (B)(1), each count being classified as a felony of the third degree; and five counts of money laundering, in violation of R.C. 1315.55(A)(3)(C), each being a felony of the third degree.

{¶ 3} He was subsequently sentenced to four years of community control and ordered to pay restitution.

{¶ 4} On July 31, 2019, appellant stipulated to violating the terms of his community control.  On August 20, 2019, he was then sentenced to an aggregate term of eight years in prison for these violations.

{¶ 5} Appellant presents a single assignment of error:

May a Trial Court accept a Defendant's stipulation and waiver of a hearing regarding a Community Control Violation where the Court has not advised the Defendant of the right to retained counsel under Ohio R. of Crim. Pro. 32, and where the Defendant requested a continuance to hire counsel?

{¶ 6} It is helpful to point out the history of counsel associated with this case since its inception.  On February 4, 2016, the record of the clerk reflects that appellant had retained counsel Sam Eidy.  On August 1, 2016, Mr. Eidy was granted leave to withdraw and appellant was instructed by the court to seek counsel through the Wood County

2.

Public Defender's Office.  On September 1, 2016, William V. Stephenson of the Wood County Public Defender's Office was granted leave to withdraw due to a conflict with a potential codefendant.  On September 2, 2016, attorney Scott Coon entered his appearance, presumably as appointed counsel.  Mr. Coon represented appellant through discovery, motion practice as well as pretrial proceedings.  On June 27, 2017, Mr. Coon was present and represented appellant at the plea hearing and sentencing that occurred on September 8, 2017.  On December 20, 2017, Patrick T. Murphy entered his appearance on behalf of appellant and filed a motion for stay and modification of sentence which was subsequently denied on December 21, 2017.

{¶ 7} On August 24, 2018, the court issued a warrant for appellant's arrest.  On August 27, 2018, the state filed a petition for revocation of community control.  Ultimately, appellant was apprehended by the Wood County Sheriff on July 18, 2019.  On July 23, 2019, appellant was brought before the court for a bond hearing on the revocation petition.  He was present with appointed counsel Scott Coon and bond was set at $100,000.  The matter was continued to July 31, 2019.  The following exchange then took place.

MR. COON:  Your Honor, my client would ask the Court to grant him a short continuance so he can engage private counsel to represent him on these matters.

THE COURT:  You're appointed counsel, is that correct?

MR. COON:  I am.

3.

THE COURT:  My concern, Mr. Coon – and I will address your client – but, we're before the Court because not only has he absconded, but he's not been making restitution, as required.  If he can't make restitution, how is he going to hire private counsel?

MR. COON:  I haven't asked him that question, Judge.

THE COURT:  Well, I am asking the question.

MR. COON:  I think that he is going to ask his family to help him.

THE DEFENDANT:  Judge Mayberry, can I speak, please?

THE COURT:  You can stand up.  Yes.

THE DEFENDANT:  Okay, Thank you.

THE COURT:  Go ahead.

{¶ 8} Appellant then went on to describe his relationship with his family members, his living conditions and pled for reinstatement of his O.R. bond.

{¶ 9} Ultimately, the colloquy continued:

THE DEFENDANT:  And I understand that I made a mistake.

THE COURT:  I don't want a used car salesman telling me that "I'll make you a deal" because that's not happening.  I'm the one that's going to make the deal.  But, wasting money on an attorney when you've absconded for a year rather than paying these people back, is not making me happier, it's making me less happy.  It's making me feel that you have no sincere effort or desire or remorse for what you did and you don't want to pay these

people back, so I don't want to throw good money after bad.  If you have money, it needs to go to these people.

THE DEFENDANT:  That's fair.  I will do that.  I'll keep Coon – Mr. Coon – as my attorney.

{¶ 10} Appellant admitted to the community control violation and the case was then continued to August 20, 2019, for disposition.  We note that when the case was called, neither appellant nor Mr. Coon renewed a request for another continuance for retained counsel and there was no objection to proceeding with disposition on that date.

{¶ 11} It is undisputed that the trial court failed to comply with the unequivocal language of Crim.R. 32.3(B) which states, in relevant part:

(B) Counsel.  The defendant shall have the right to be represented by retained counsel and shall so be advised.

{¶ 12} Appellee argues that the dialogue with the trial court evidences a waiver of appellant's right to retained counsel, citing *State v. Ingrami*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967.

{¶ 13} However, the facts are different in this case.  In *Ingram*, appellant was facing a violation of an intervention program.  The *Ingram* court distinguished *Crim.R. 32.3(B)* community control revocation proceedings from violations of intervention in lieu of conviction programs which are governed by statute, R.C. 2951.041.  That statute does not require the trial court to advise the offender that he is entitled to retained counsel.

5.

Nevertheless, *Ingram* also held that the right to retained counsel could be waived (although the court referenced Crim.R. 32.2(B), which does not exist).

{¶ 14} Under Crim.R. 32.3(B), advisement by the trial court of the right to retained counsel at a community control violation hearing is a nonconstitutional right. We find that appellant asserted his right to retained counsel without such advisement. However, after engaging in a colloquy with the court, not only did he waive the right to such an advisement, he also waived his right to retained counsel and voluntarily chose to continue to be represented by his appointed counsel.

{¶ 15} Therefore, we find appellant's sole assignment of error not well-taken and denied.

{¶ 16} Based on the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Mark L. Pietrykowski, J.        _____
                                             JUDGE

Thomas J. Osowik, J. _____

                               _____

Gene A. Zmuda, P.J. _____                      JUDGE
CONCUR.

                               _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.