[Cite as *State v. Yerkey*, 2024-Ohio-4849.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN D. YERKEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 CO 0054

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case Nos. 18 CR 263; 18 CR 307

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed in Part.
Reversed and Remanded in Part.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor and *Atty. Shelley M. Pratt,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, for Defendant-Appellant

Dated:  September 19, 2024

---

_____

**WAITE, J.**

**{¶1}** Appellant John D. Yerkey appeals his convictions and sentences in two probation revocation proceedings. Appellant first argues that the trial court did not have subject matter jurisdiction to revoke his probation, because the state did not properly initiate probation revocation proceedings until after his community control expired. The record shows that the state properly began the revocation process two months before Appellant's community control expired. Appellant next argues that his convictions were invalid because the court failed to notify him of his right to obtain retained counsel as stated in Crim.R. 32.3(B). Although the court failed to strictly comply with Crim.R. 32.3(B), the record reveals that Appellant was represented by retained counsel when the revocation proceedings began, and then specifically asked for appointed counsel at his show cause hearing. The court was very careful to ensure that Appellant's right to counsel was satisfied throughout the proceedings. The court substantially complied with Crim.R. 32.3(B) and there is no evidence of reversible error in the record. Finally, Appellant contends the trial court failed to apply 44 days of jail-time credit to both of his sentences. The 10-month prison sentences were to run concurrently, and under *State v. Fugate*, 2008-Ohio-856, the court should have applied the 44 days of jail-time credit to both cases. Appellant's third assignment of error has merit, and the case is reversed and remanded solely for the trial court to correct this sentencing error.

<u>Facts and Procedural History</u>

**{¶2}** On March 25, 2019, Appellant pleaded guilty to two separate counts of violating a protection order in Columbiana County Common Pleas Court, Case Nos. 2018 CR 263 and 2018 CR 307. In Case No. 2018 CR 307, Appellant spent 44 days in jail

while he waited for his bail bond to be posted. In Case No. 2018 CR 263, he was released on bond immediately after arrest and spent no time in confinement in lieu of bond. On May 20, 2019, he was sentenced to four years of community control under intensive supervision in each case, to be served concurrently. The court reserved the right to revoke community control and impose a twelve-month prison term for violation of community control. The final judgment of sentence was filed on May 21, 2019. No direct appeal was filed.

{¶3} On March 20, 2023, the state filed a motion to show cause seeking to terminate community control in each of the two cases. A notice of hearing and violations was also filed that day, alleging that Appellant was in violation of community control due to an assault conviction in Mahoning County. Appellant was represented by counsel when the revocation notice was filed, but counsel moved to withdraw prior to the initial hearing on April 17, 2023. This hearing was continued because Appellant did not have counsel and because he was incarcerated in the Mahoning County Jail on other charges (Mahoning County Court 2021 CRB 385). Appellant was serving a six-month jail term in Mahoning County for first degree misdemeanor assault.

{¶4} On June 5, 2023, Appellant asked the court to appoint counsel, and a public defender was present to immediately take the case. Appellant stipulated to probable cause and waived presentation of the evidence in both probation revocation cases. The court found there was probable cause to believe that Appellant had violated the terms of his community control. (6/6/23 J.E.) A revocation hearing was held on July 14, 2023 covering both cases. The court ordered that Appellant's community control be dishonorably terminated, and imposed ten-month prison terms, to be served concurrently.

Appellant received 44 days of jail-time credit in Case No. 2018 CR 307, but no days of jail-time credit in Case No. 2018 CR 263. The judgment entries were filed on July 17, 2023.

{¶5}    On December 4, 2023, Appellant filed notices of appeal in both cases, along with a motion for leave to file a delayed appeal. The motion was granted on December 20, 2023. Appellant has raised three assignments of error on appeal.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT'S FINDING OF A COMMUNITY CONTROL VIOLATION, AND ITS SENTENCE OF APPELLANT, WAS CONTRARY TO LAW BECAUSE IT LACKED SUBJECT-MATTER JURISDICTION TO SENTENCE APPELLANT FOR A COMMUNITY CONTROL VIOLATION, SINCE THE STATE DID NOT PROPERLY INITIATE COMMUNITY CONTROL REVOCATION PROCEEDINGS PRIOR TO THE EXPIRATION OF APPELLANT'S COMMUNITY CONTROL.

{¶6}    Appellant contends that the steps the state took to initiate revocation of community control were insufficient, and that his community control time expired before he was actually convicted of the violation. Appellant contends that the trial court lacked subject matter jurisdiction over the community control violation because he did not stipulate to probable cause until June 5, 2023, and his community control had expired on May 20, 2023. Appellant's argument is without merit in light of the various steps the state took to begin community control revocation prior to May 20, 2023.

{¶7}   The parties agree that, pursuant to R.C. 2929.25(B)(1), the trial court retains jurisdiction over a defendant during the entire period of community control.  This includes the ability to impose a sentence for a community control violation "as long as action is taken to institute a violation hearing during the community control period."  *State v. Johnson*, 2010-Ohio-2533, ¶ 30 (7th Dist.).  A court is "authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration." *State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 13.   Revocation proceedings are deemed "commenced" at the time the charge for violating community control is filed. *State ex rel. Untied v. Ellwood*, 2011-Ohio-6343, ¶ 2.

{¶8}   On March 14, 2023, a probable cause hearing was set for April 17, 2023 to determine whether Appellant violated his probation.  The hearing was apparently set in anticipation that a probation violation notice would soon be filed.  On March 15, 2023, two probation officers signed a Notification of Hearing and Violations stating that Appellant had violated probation and that a hearing was set.  The notice contained the information that Appellant's probation was due to expire on May 20, 2023.  On March 16, 2023, Appellant (who was represented by retained counsel at that time) asked for a continuance of the hearing.  On March 20, 2023, the state filed a motion to show cause to determine whether Appellant violated his probation, and it included the probation violation notice signed by two probation officers.

{¶9}   The record reveals at least four different ways that probation violation proceedings were initiated in this matter, or should be deemed to have been initiated,

prior to May 20, 2023. The court ordered a probation violation hearing on March 14, 2023. Appellant himself requested a continuance on March 15, 2023, thus acknowledging that proceedings had begun. On March 15, 2023, two probation officers prepared a notice of violation. And on March 20, 2023, the prosecutor filed the motion to show cause along with the probation department notice of violation. It is clear the state followed the appropriate procedure to commence community control revocation proceedings prior to the expiration of Appellant's community control sentence. Appellant appears to believe that the proceedings are required to be essentially concluded before the community control sentence expires, but that is not the law in Ohio. Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

> THE TRIAL COURT'S FINDING OF A COMMUNITY CONTROL VIOLATION, AND ITS SENTENCE OF APPELLANT, WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID NOT COMPLY WITH CRIMINAL RULE 32.3(B) AND ADVISE APPELLANT OF HIS RIGHT TO RETAINED COUNSEL DURING COMMUNITY CONTROL REVOCATION PROCEEDINGS, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶10} Appellant contends that as part of his community control revocation proceedings, the court was required to advise him of his right to retained counsel:

Case No. 23 CO 0054

The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel.

Crim.R. 32.3(B).

{¶11} Appellant claims the court failed to notify him of his right to retain counsel, and that this failure to notify constitutes reversible error. Appellant contends that the constitution requires he be notified of the right to retain counsel of his choosing regardless of whether he was eligible for appointed counsel, or whether the court had, in fact, appointed counsel.

{¶12} In this case, Appellant was represented by retained counsel at the time community control revocation proceedings began in March of 2023. Counsel acted on Appellant's behalf in filing a motion for continuance on March 20, 2023. On April 3, 2023, his counsel filed a motion to withdraw. The motion was granted on April 10, 2023. An initial hearing was held on April 17, 2023, but because Appellant did not have counsel and was incarcerated in Mahoning County on other charges, the hearing was continued to June 5, 2023. The trial judge stated at the April 17, 2023 hearing that she was aware Appellant was unlikely to have the funds to retain counsel and that a public defender should be present at the continued hearing.

{¶13} Appellant filed a financial affidavit and a financial disclosure form in order to obtain appointed counsel. At the June 5, 2023 show cause hearing the judge specifically

asked him: "And are you asking the Court to appoint counsel to represent you?" (6/5/23 Tr., p. 2.) Appellant answered: "I have." (6/5/23 Tr., p. 2.) The court found Appellant was indigent and appointed counsel at the start of the hearing.

{¶14} "The probation revocation hearing is not a criminal trial but an informal hearing structured to assure that the finding of a probation violation will be grounded on verified facts and that the exercise of discretion will be informed by accurate knowledge of the probationer's behavior." *State v. Sallaz*, 2004-Ohio-3508, ¶ 37 (11th Dist.); see also *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756 (1973). The trial court must substantially comply with probation revocation procedures. *Id.* There is no absolute right to counsel in probation revocation proceedings. *Gagnon* at 882.

{¶15} "Under Crim.R. 32.3(B), advisement by the trial court of the right to retained counsel at a community control violation hearing is a nonconstitutional right." *State v. Bernard*, 2020-Ohio-5545, ¶ 14 (6th Dist.). A criminal defendant may waive the right to the advisement in Crim.R. 32.3(B) as well as the actual right to retained or appointed counsel. *Id.*

{¶16} There is no question that the trial judge failed to strictly and literally comply with Crim.R. 32.3(B). She did not specifically advise Appellant that he had a right to retained counsel. In some cases, though, reviewing courts have found that the right to retained counsel, or notice of that right, has been waived even without the court having provided the Crim.R. 32.3(B) admonishment. In *Bernard*, *supra*, Defendant Bernard had been represented by retained counsel, but counsel withdrew before the initial hearing on the community control revocation proceedings. Bernard was represented by a public defender at the initial hearing. Bernard asked for a brief recess so he could engage

private counsel. After a discussion with the court, Bernard agreed to accept appointed counsel. Even though the judge never gave the admonishment in Crim.R. 32.3(B), the Sixth District Court of Appeals held that under the circumstances, Bernard waived reading of the admonishment regarding the right to retained counsel.

{¶17} It is apparent from the record that Appellant understood he had the right to retained counsel when revocation proceedings commenced, because he was actually being represented by retained counsel at that time. Just before the initial hearing, his counsel filed a motion to withdraw, which was granted. Appellant then filed financial need forms, and expressly asked the judge to appoint counsel. These two acts can clearly be interpreted as a waiver of the right to retain counsel. The record supports that the trial judge protected Appellant's right to counsel and substantially complied with Crim.R. 32.3(B). The record also shows Appellant was represented by counsel throughout the proceedings, and some hearings were continued so that counsel could be retained or appointed. Therefore, the court substantially complied with Crim.R. 32.3(B). Appellant's second assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT SENTENCED APPELLANT TO CONCURRENT SENTENCES IN CASE NUMBERS 2018 CR 00263 AND 2018 CR 00307, WHILE CREDITING HIM WITH 44 DAYS SERVED ON HIS SENTENCE IN CASE NUMBER 2018 CR 00307, BUT NOT ON HIS SENTENCE IN CASE NUMBER 2018 CR 00263, IN VIOLATION OF APPELLANT'S RIGHT TO EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH

AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

{¶18} Appellant contends that he was given 44 days of jail-time credit in Case No. 2018 CR 307 but not in Case No. 2018 CR 263. The Ohio Supreme Court has held: "When a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *State v. Fugate*, 2008-Ohio-856, syllabus. Appellant argues that the effect of not being given the jail-time credit in Case No. 2018 CR 263 is that his concurrent 10-month prison sentence is 44 days longer than appropriate. Appellant concludes that he should have also been given 44 days of jail-time credit in Case No. 2018 CR 263 to comply with the holding of *Fugate*.

{¶19} Appellant is correct that a defendant is entitled to have his or her prison sentence reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial . . . ." R.C. 2967.191. Appellant is also correct that, under *Fugate*, jail-time credit must be applied to each sentence when concurrent sentences are imposed.

{¶20} Appellee responds that Appellant was only confined in lieu of bail in Case No. 2018 CR 307 and not in the companion case. Therefore, Appellant deserves to have jail-time credit applied in Case No. 2018 CR 307. Appellant was released on bail the day he was arrested in Case No. 2018 CR 263, and his bail was never revoked in that case. In Case No. 2018 CR 307, Appellant took 44 days to obtain a bail bond and was incarcerated during that time period. The two cases overlapped, so that Appellant was

actually confined for 44 days during the course of both cases, but according to the record he was only confined in lieu of bail in Case No. 2018 CR 307.

**{¶21}** Even though Appellee's recitation of the facts is correct, it does not resolve this appeal. The situation here is substantially similar to the situation in *Fugate*, and the trial court should have awarded 44 days of jail-time credit in Case No. 2018 CR 263 as well as Case No. 2018 CR 307. *Fugate* involved two separate cases in which prison terms were imposed. The first was a conviction for receiving stolen property. Fugate received community control in that case. A short time later, he was arrested for theft and burglary. The prosecutor moved to revoke his community control due to the new charges, and Fugate stipulated to the violations. Subsequently, a jury convicted him of theft and burglary in the second case. Sentencing in both cases took place simultaneously. The court sentenced him to 12 months in prison for the community control violation, with 213 days of jail-time credit. This sentence was to be served concurrently to the sentence ordered in the second case where the court sentenced him to two years for burglary and six months for theft, with no jail-time credit. The effective sentence amounted to two years in prison with no jail-time credit.

**{¶22}** The Supreme Court reversed the trial court and applied 213 days jail-time credit in both cases, reasoning that jail-time credit must be applied to all concurrent sentences or the credit is essentially meaningless. The goal of R.C. 2967.191 (and a similar Ohio Administrative Code provision, Ohio Adm.Code 5120-2-04) is to "to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Fugate* at ¶ 11.

Case No. 23 CO 0054

**{¶23}** When concurrent sentences are involved, the inmate cannot receive the benefit of the jail-time credit unless it is applied to all concurrent sentences. This case involves the identical situation. Unless the 44 days is applied to both convictions, it is as if no jail-time credit was awarded. This problem does not occur when consecutive sentences are imposed, because any jail-time credit will act to reduce the aggregate sentence. This problem only arises when concurrent sentences are imposed. Appellant's argument in this regard is correct and the third assignment of error is sustained.

## Conclusion

**{¶24}** Appellant has appealed his convictions and sentences in two probation revocation proceedings. Appellant raised three arguments. His first, that the probation revocation process was started too late, is not supported by the record. Appellant next contends the trial judge did not strictly comply with the requirement of Crim.R. 32.3(B) to notify him of his right to retained counsel. Although Appellant is technically correct, the record shows that the court substantially complied with the rule and there is no reversible error, here. Appellant's third argument is that the court failed to apply 44 days of jail-time credit to both of his concurrent sentences. Appellant is correct based on *Fugate*, *supra*, and his third assignment of error is sustained. We remand this cause to the trial court solely for a jail-time credit adjustment to Appellant's sentence in Case No. 2018 CR 263 in accordance with this Opinion. The remainder of Appellant's convictions and sentences in both trial court cases are affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

Case No. 23 CO 0054

———————————

For the reasons stated in the Opinion rendered herein, Appellant's first and second assignments of error are overruled and his third assignment is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**